**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **GREG PEALS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-22-KPJ** |
| | § | |
| **QUIKTRIP CORPORATION d/b/a** | § | |
| **OKLAHOMA QUICKTRIP** | § | |
| **CORPORATION** *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant QuikTrip Corporation's ("QuikTrip") Motion for Leave to File Objections to Plaintiff's Supplemental Witness List (the "Motion") (Dkt. 86), to which Plaintiff Greg Peals ("Plaintiff") filed an expedited response (Dkt. 89). Upon consideration, the Court finds the Motion (Dkt. 86) is hereby **GRANTED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to the Court's First Amended Scheduling Order (Dkt. 57), the parties' deadline to complete discovery was October 22, 2020. The First Amended Scheduling Order also directed the parties to submit a joint pretrial order by January 11, 2021, and file any unresolved objections to witnesses and exhibits by April 30, 2021. *See id.* On May 12, 2021, after these deadlines had passed, the Court emailed the parties to confirm it had the parties' most recent exhibit and witness lists. In that email, the Court noted QuikTrip had not filed an objection to Plaintiff's Witness List (Dkt. 61) and inquired as to whether QuickTrip had in fact filed an objection. Prompted by the Court's inquiry, QuikTrip filed its Objections (Dkt. 85) and the pending Motion. The Motion seeks leave to file late Objections to Plaintiff's Witness List (Dkt. 61) for this matter's upcoming trial.

*See* Dkt. 86. QuikTrip's Objections argue that Plaintiff disclosed three witnesses—Sherry Peals ("Mrs. Peals"), Jasmine Deal ("Ms. Deal"), and Dr. Samuel Mathai ("Dr. Mathai")—on April 22, 2021, well after this matter's discovery deadline, and accordingly, the Court should not permit them to testify. *See id.*

On May 18, 2021, the Court held the final pretrial conference and heard the parties' arguments on the Motion (the "Hearing"). *See* Dkt. 92. Plaintiff's counsel represented that she is withdrawing Dr. Mathai as a witness and she does not intend to call Ms. Deal as a witness; however, she is seeking leave to offer Ms. Deal's records at trial. *See id.* Plaintiff's counsel further seeks leave to call Mrs. Peals, Plaintiff's wife, as a witness. *See id.*

The record reflects that Mrs. Peals accompanied Plaintiff to the QuickTrip store where Plaintiff alleges he slipped and fell on January 15, 2018 to complete an incident report. *See* Dkt. 34-1. Mrs. Peals also has knowledge of Plaintiff's health prior to and after Plaintiff's alleged injuries, and thus, can provide relevant testimony on such issues. *See* Dkt. 92. Both parties have been aware of Mrs. Peals' involvement since the date of the alleged incident. *See id.*

Plaintiff's counsel represents that her failure to disclose Mrs. Peals as a potential witness in her initial disclosures, and over the course of this lawsuit, was inadvertent. *See id.* Because of counsel's mistake, QuikTrip did not receive notice of Plaintiff's intent to call Mrs. Peals as a trial witness until April 22, 2021—one month before trial. *See* Dkt. 86.

With respect to Ms. Deal, both parties stated at the Hearing they were not aware of Ms. Deal until a month before trial. On May 15, 2020, QuikTrip served Plaintiff an interrogatory, which asked for the name of each doctor or individual who has provided Plaintiff mental health services from 2013 to present. *See* Dkt. 86-4. At that time, Plaintiff answered "None," as Plaintiff had not provided his counsel any information regarding mental health issues, let alone treatment for such

issues. *See id.* However, nearly a year later, on April 9, 2021, QuikTrip again asked Plaintiff's counsel to provide documents related to mental health services Plaintiff may have obtained, as Plaintiff alluded to mental health issues during his July 16, 2020 deposition. *See* Dkts. 92, 34-1. Though discovery had already closed, Plaintiff's counsel represents that she diligently worked with Plaintiff on this issue, who has some memory issues, and was able to identify Ms. Deal, a social worker, who allegedly provided counseling to Plaintiff on approximately five occasions as a favor to Plaintiff's son. *See* Dkt. 92. According to Plaintiff's counsel, she immediately produced the documents provided by Ms. Deal upon their receipt. *See id*. For reasons that are unclear to the Court, QuikTrip did not use the eight days between April 22, 2021 (the date Ms. Deal was disclosed) and April 30, 2021 (the Court's deadline to file objections) to depose Ms. Deal, file an objection, or seek leave to reopen discovery and amend the scheduling order.

## II.   ANALYSIS

Pursuant to Federal Rule of Civil Procedure Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c). Accordingly, Plaintiff's failure to timely identify Mrs. Peals and Ms. Deal precludes Plaintiff from introducing their testimony and affidavits at trial unless the Court finds Plaintiff's failure was substantially justified or the Court finds Plaintiff's failure is harmless. *See id.*

To determine whether a failure to disclose under Rule 26 is harmless, the Court considers four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and

(4) the explanation for the party's failure to disclose." *Texas A&M Res. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003) (citation omitted).

Clearly, Mrs. Peals is an important fact witness. She was present on the day of Plaintiff's alleged injury, and her testimony is relevant to the issue of damages. *See* Dkts. 34-1, 92.

At the Hearing, the Court found that permitting Mrs. Peals to testify and admitting Ms. Deal's records into evidence would prejudice QuikTrip, as QuikTrip did not have an adequate opportunity to depose these individuals and conduct additional discovery regarding their testimony and/or documents. *See* Dkt. 92. Though Plaintiff's counsel represents her mistakes were inadvertent, the Court finds Plaintiff's explanation is not substantially justified, nor is it harmless pursuant to Rule 37(c). *See id.*

At the Hearing, the Court noted that QuikTrip's prejudice could be cured if discovery was reopened. The Court offered Plaintiff's counsel two options regarding this issue: (1) move forward with the trial without Mrs. Peals' testimony or Ms. Deal's records; or (2) reset the trial date, allow Mrs. Peals and Ms. Deal to testify at trial, in person and through records respectively, and open discovery as to these two witnesses to cure any prejudice prior to the new trial date. *See id.* Plaintiff's counsel subsequently notified the Court that Plaintiff wanted to continue the trial setting and reopen discovery to afford his untimely witnesses the ability to testify at trial.

## III.  CONCLUSION

For the reasons stated on the record and herein, QuikTrip's Motion (Dkt. 86) is **GRANTED**. QuikTrip's Objections (Dkt. 85) are deemed filed and the live Objections to Plaintiff's Witness List (Dkt. 61).

For the reasons stated on the record and herein, QuikTrip's Objections (Dkt. 85) are **SUSTAINED IN PART** and **OVERRULED IN PART**. Mrs. Peals shall not be allowed to testify

and Ms. Deal's affidavits shall not be admitted into evidence unless QuikTrip is afforded a fair opportunity to conduct additional discovery.

**IT IS THEREFORE ORDERED** that this matter's jury trial, currently set for May 24, 2021, is hereby **RESET** for **July 19, 2021, at 9:00 a.m.**

**IT IS FURTHER ORDERED** that discovery shall be **REOPENED** on a limited basis: QuikTrip is granted leave to depose Mrs. Peals and Ms. Deal prior to this matter's jury trial. QuikTrip is further permitted to seek additional written discovery regarding any issue raised by the testimony and/or records of Mrs. Peals and Ms. Deal. Discovery is reopened only as to these two individuals and any new issues their testimony and/or records raise. No additional discovery shall be conducted without leave of the Court.

**So ORDERED and SIGNED this 21st day of May, 2021.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE